**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

BRENT KIDECKEL,
Appellant,
v. No. 26-7172
FOREIGN NATION OF CANADA, et al.,
Appellees.

---

# APPELLANT'S MOTION FOR SUMMARY REVERSAL, OR IN THE ALTERNATIVE FOR A STAY OF ENFORCEMENT PENDING APPEAL, WITH EXPEDITED CONSIDERATION AND LEAVE TO FILE APPENDIX A UNDER SEAL

Appellant Brent Kideckel, appearing self-represented, moves for summary reversal of the district court's August 25, 2026 Order (ECF No. 177) insofar as it directs him to pay $266,417.50 in attorneys' fees to Appellees. In the alternative, Appellant moves under Federal Rule of Appellate Procedure 8(a)(2) for a stay of enforcement of that judgment pending appeal, and for waiver of the supersedeas bond. Appellant further moves for expedited briefing and for leave to file Appendix A under seal.

Summary reversal is warranted because the judgment rests on a form of sanction that Rule 11 does not authorize. The district court imposed sanctions on its own initiative. Rule 11(c)(4) permits an award of attorneys' fees to an opposing party only "if imposed on motion." Whether Rule 11(c)(4) permits that form of relief on a court-initiated sanction is a question of the Rule's meaning, reviewed **de novo**, and it is apparent from the face of the district court's own orders. It requires no development of the record and no deference to the district court's view of the law. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (a district court "necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law").

## BACKGROUND

This Court affirmed the dismissal of Appellant's action on June 11, 2026 in No. 26-7006. A petition for panel rehearing remains pending in that appeal. In its disposition, the Court held that the portion of the district court's January 16, 2026 Order imposing Rule 11 sanctions was not then appealable because the amount of fees had not been determined.

On August 12, 2025, the district court issued an order to show cause. It invoked the court's "authority to impose Rule 11 sanctions sua sponte" under Rule 11(c)(5)(B), conditioned on first ordering the offending party to show cause under Rule 11(c)(3), and directed Appellant to show cause "why his conduct in this case has not violated Rule 11(b)." ECF No. 145 at 8.

On January 16, 2026, the district court found a Rule 11 violation, again describing its authority as sua sponte. ECF No. 157 at 5. It directed Appellees to file statements of attorneys' fees for final approval. *Id.* at 9. Appellees filed applications for costs and fees (ECF Nos. 161, 163) and a bill of costs (ECF No. 162). Appellant objected. ECF No. 165.

On August 25, 2026, the district court fixed the amount at $266,417.50, payable to three groups of Appellees, and denied Appellant's cross motion for recusal. ECF No. 177. The Order sets out Rule 11 as the governing standard, *id.* at 2, and traces the sanction to Rule 11(c)(1), *id.* at 4. Appellant noticed his appeal the same day.

On August 26, 2026, Appellant moved in the district court under Federal Rule of Appellate Procedure 8(a)(1) for a stay of enforcement and for waiver of the supersedeas bond. As of the filing of this motion, that motion had not been docketed and no ruling had issued. Appellant therefore proceeds under Rule 8(a)(2)(A)(ii), the district court having "failed to afford the relief requested."

## I. SUMMARY REVERSAL IS WARRANTED

### *A. Rule 11 does not authorize a fee award to an opposing party on a court-initiated sanction.*

Rule 11(c)(4) provides that a sanction "may include nonmonetary directives; an order to pay a penalty into court; or, *if imposed on motion* and warranted for effective deterrence, an order

directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4) (emphasis added). The conditional clause governs only the third category. Where a court proceeds on its own initiative, the sanctions available are nonmonetary directives and a penalty payable into court.

The limitation was deliberate. Before 1993, the Rule provided that a court, "upon motion or upon its own initiative," could impose a sanction "which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred . . . including a reasonable attorney's fee." Fed. R. Civ. P. 11 (1983). That text authorized precisely the sanction entered here. The 1993 amendment replaced it, and the Advisory Committee explained that the amended Rule "provides that a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court." Fed. R. Civ. P. 11 advisory committee's note to the 1993 Amendments.

The change was understood at the time. Dissenting from the Court's adoption of the amendments, Justice Scalia, joined by Justice Thomas, objected that the revision "restricts the award of compensation to 'unusual circumstances,' with monetary sanctions 'ordinarily' to be payable to the court," and that "it takes imagination to conceive of instances in which this provision will ever apply." Amendments to the Federal Rules of Civil Procedure (Apr. 22, 1993) (Scalia, J., dissenting). The objection was to the narrowing; the narrowing was adopted notwithstanding it.

Two circuits have applied the amended text to vacate awards materially like this one. In *Marlin v. Moody National Bank, N.A.*, No. 07-20426 (5th Cir. June 30, 2008), the district court determined on its own initiative that sanctions would be imposed, directed the defendants to submit statements of fees and costs, and entered a substantial award payable to them. The Fifth Circuit vacated, holding that "[t]he rule's clear language allows for an award of attorney's fees and other expenses only 'if imposed on motion,'" and that sanctions imposed on a court's own initiative "are limited to nonmonetary sanctions or a monetary penalty payable to the court." *Accord Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998) (per curiam); *Hutchinson v. Pfeil*, 208 F.3d 1180,

1184 (10th Cir. 2000) (the Rule "prohibits a court acting on its own initiative from ordering payment of a monetary penalty to an opposing party").

### *B. The record forecloses any contention that the sanction was imposed on motion.*

The district court twice stated that it was proceeding on its own initiative. ECF No. 145 at 8; ECF No. 157 at 5. No motion satisfying Rule 11(c)(2) — made separately from any other motion, describing the specific conduct, and served twenty-one days before filing — was ever served on Appellant.

The submissions the district court granted do not supply the deficiency. Each was filed after the court had already found a violation, in response to its direction that Appellees file fee statements for approval. *Marlin* addressed that argument and rejected it, declining to construe "after-the-fact fees-and-costs statements" as sanctions motions because they were "neither styled as motions, nor do they describe with specificity the alleged deficient conduct," and because the district court "had already ruled sanctions would be imposed." The phrase "imposed on motion" describes how a sanction is initiated, not how its amount is later computed.

### *C. No alternative basis supports the judgment.*

The show-cause order rested on Rule 11 alone. ECF No. 145 at 8. The August 25, 2026 Order, which entered the judgment, likewise sets out Rule 11 as the governing standard and traces the sanction to Rule 11(c)(1). ECF No. 177 at 2, 4. The January 2026 Opinion referred in passing to the court's "inherent power" and stated that sanctions were "also appropriate" under 28 U.S.C. § 1927, ECF No. 157 at 5, 8, but neither appears in the order imposing the judgment, and neither was identified in the show-cause order that framed the proceeding.

Neither could sustain the award in any event. Section 1927 reaches only "[a]ny attorney or other person admitted to conduct cases in any court of the United States." Appellant is not an attorney and has never been admitted to conduct cases. And an award under the court's inherent power would require notice that such sanctions were under consideration, together with findings under a

clear-and-convincing standard. *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995). The show-cause order gave no such notice and no such findings were made.

### *D. The issue is preserved and the error is one of law.*

Appellant objected when the fee submissions were filed. ECF No. 165. The Fifth Circuit held that objection sufficient in *Marlin*: "[T]here has been neither waiver nor forfeiture of Appellants' right on appeal to contest the sanctions." In any event, the availability of a category of sanction under Rule 11(c)(4) is a pure question of law. A district court "necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

This Court has recognized "the unusual position of the trial court" where sanctions issue on its own initiative, "serving at once as both prosecutor and judge," and has held that such orders warrant "careful appellate review." *Lucas v. Duncan*, No. 07-5264 (D.C. Cir. July 31, 2009).

Because the governing text is clear, the district court's own orders establish the dispositive fact, and no factual development could alter the analysis, the merits are so clear that plenary briefing would not assist the Court.

## II. IN THE ALTERNATIVE, A STAY SHOULD ISSUE

If the Court declines to reverse summarily, Appellant respectfully requests a stay of enforcement pending appeal under Federal Rule of Appellate Procedure 8(a)(2).

The showing set out above establishes, at a minimum, "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). This Court has not decided whether Rule 11(c)(4) permits a fee award to an opposing party on a court-initiated sanction, and in *Lucas* it expressly reserved a related question concerning the standard governing such sanctions.

The remaining factors favor a stay. The judgment is for $266,417.50 in favor of three groups of Appellees, most of whom are outside the United States; sums collected from a self-represented individual are unlikely to be recoverable if the judgment is vacated, and the Rule 11 determination has never been reviewed on appeal. Appellees seek money only, a stay defers rather than extinguishes collection, and post-judgment interest continues to accrue under 28 U.S.C. § 1961. The public interest lies in ensuring that a substantial monetary sanction receives appellate review before it is executed, and in the observance of Rule 11's limits on the form a court-initiated sanction may take.

Appellant requests that the supersedeas bond be waived. He is a self-represented individual without the means to post security in the amount of the judgment. Appellant refers the Court to Appendix A.

## III. EXPEDITED CONSIDERATION IS REQUESTED

Appellant respectfully requests expedited consideration of this motion for the reasons set out in Appendix A, filed under seal.

Expedition would impose no burden on Appellees. The question presented is one of law, resolvable from the text of Rule 11 and the district court's own orders. No party requires additional time to assemble a record. Appellant notes as well that enforcement of the judgment is automatically stayed for thirty days after entry, Fed. R. Civ. P. 62(a), and that this period expires in late September 2026.

## IV. LEAVE TO FILE APPENDIX A UNDER SEAL

Appellant requests leave to file Appendix A under seal. Appendix A contains personal information submitted in support of the request for expedited consideration and the request that the supersedeas bond be waived. The material is of no public interest and would ordinarily be treated as confidential. Appellees would suffer no prejudice from its being sealed.

Appendix A is being submitted to the Court under seal through the Court's secure file transfer facility at https://cadcuscourts.app.box.com/f/f5d55aebcb684b9b936d73981f8608d9.

**CONCLUSION**

Appellant respectfully requests that the Court summarily reverse the August 25, 2026 Order insofar as it directs payment of attorneys' fees to Appellees, or in the alternative stay enforcement of that judgment pending appeal and waive the supersedeas bond; and that the Court order expedited consideration and grant leave to file Appendix A under seal.

Dated: August 28, 2026

Respectfully submitted,

_______________________________

Brent Kideckel
Appellant, Self-Represented
P.O. Box 20901
Floral Park, NY 11002
(917) 634-0637
brentkideckel@gmail.com

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,011 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Times New Roman.

______________________________
Brent Kideckel

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve counsel of record for all Appellees by notice of docket activity.

_______________________________
Brent Kideckel

# APPENDIX A

**[FILED UNDER SEAL VIA BOX.COM]**

The material comprising Appendix A has been submitted to the Court under seal. It is not reproduced here.

*Kideckel v. Foreign Nation of Canada, et al., No. 26-7172*